THEODORE BRINCKHERHOFF AND OTHERS, RESPONDENTS AND APPELLANTS, *v.* HENRY BOSTWICK AND OTHERS, APPELLANTS AND RESPONDENTS.

*Action to recover damages occasioned to the stockholders of a bank by the negligence of the directors — is to be tried as an action at law by a jury.*

In this action, brought by the plaintiff, in behalf of himself and all other stockholders of the National Bank of Fishkill, the allegations of the complaint consisted almost entirely of charges of negligence and fraud on the part of the defendants in the discharge of their duties as directors of the bank. The defendants not being charged with personal misappropriation of the funds of the bank, but with suffering the corporate funds to be wasted and lost by gross negligence and inattention. The demand for judgment was for damages and not for specific relief.

*Held,* that the action was to be tried as an action at law by a jury, and that an order directing its trial by the court without a jury should be reversed.

*Brinckerhoff* v. *Bostwick* (99 N. Y. 185) distinguished, and *Hun* v. *Cary* (82 id., 65) followed.

CROSS-APPEALS: One by the plaintiffs from an order denying their motion to refer the cause, and one by the defendants from an order subsequently made directing the trial of the cause by the court without a jury, each of which orders were entered in Kings county.

This action was commenced January 10, 1880, by Theodore Brinckerhoff, in behalf of himself and all other stockholders of "The National Bank of Fishkill," for an accounting by, and ultimately to recover from, the defendants, who were the directors of the bank, the losses sustained by the stockholders by the destruction of the value of their stock, also in being compelled to pay an assessment against them, as such stockholders, of seventy per cent of the par value of such stock, caused by the misconduct and negligence of the defendants in performing the duties which they undertook when they assumed the obligations of their trust and for which duties they were paid by the bank

Defendants interposed a demurrer to the complaint, which was sustained by the Special and General Terms (23 Hun, 237), but reversed by the Court of Appeals. (88 N. Y., 52.) The defendants then removed the action into the United States Supreme Court by writ of error. That court dismissed the writ and

remanded the cause. Subsequently eight other stockholders, applied by petition, upon notice to both parties, to become parties plaintiff upon the record with Mr. Brinckerhoff. Defendants answered the petition and contested the application. An order was granted declaring them parties and directing an amendment of the summons and complaint.

The cause came to trial March 24, 1884, when the plaintiffs were nonsuited and the complaint dismissed on the ground that the cause of action was barred by the three years' limitation of the Code, (Sec. 394). From the judgment entered against them on the dismissal plaintiffs appealed to the General Term, where the judgment was affirmed. (34 Hun, 352.) Plaintiffs then ayydaled to the Court of Appeals, where the decision was reversed and a new trial directed, the court holding that the cause of action was governed by the ten years' limitation of the Code. (Sec. 388 ; 99 N. Y., 185.) On the cause being remitted into this court, the plaintiffs, upon affidavit, moved for an order appointing a referee to hear and determine the action, with leave to the referee to sit in any county in the State, on the grounds : First. That the trial would require the examination of a long account, and did not involve the decision of any difficult question of law ; and, second, that the action was triable by the court without a jury. The defendants read an affidavit in opposition. The court denied the motion. The plaintiffs' appeal is from this order. The defendants placed the cause upon the Dutchess Circuit calendar, December, 1885, and moved its trial by a jury. The plaintiffs thereupon moved that the cause be stricken from the circuit calendar, to be-tried as an equity action by the court without a jury. The plaintiffs' motion was granted, with leave to the defendants to apply for an order framing issues as to the alleged misconduct to be tried by a jury. The defendants' appeal is from this order.

*O. D. M. Baker*, for the plaintiffs.

*Milton A. Fowler*, for the defendants.

DYKMAN, J.:

Cross appeals from orders are presented to the court in this action — one by the plaintiffs from an order denying a motion to

send the cause to a referee to hear and determine, and one by the defendants from an order striking the cause from the calendar of the Circuit Court, and directing its trial by the court without a jury.

This cause, from its commencement, has presented serious and embarrassing difficulties, and the question now presented equals in importance to the parties any that have gone before it. Uncontrolled by any intimation of the Court of Appeals when the cause was last in that court, we would conclude that the action sounded in tort, and that the defendants had the constitutional right to a trial by jury. The allegations of the complaint consist almost entirely of charges of negligence and fraud of the defendants in the discharge of their duties, and the demand for judgment is for damages, and not for specific relief. The defendants are not charged with personal misappropriation of the funds of the bank, but it is alleged that they suffered the corporate fund to be wasted and lost by gross negligence and inattention to their duties. The action is, therefore, an action at common law for the recovery of damages independently of any statute. Yet the last opinion of the Court of Appeals contains this language: "This is unquestionably an equitable action. * * * So this action for the purpose of determining the limitation of time applicable to it, must be governed by the same law which would have been applicable if the action had been brought by the bank. The action is against the directors, as trustees, to call them to account for the manner in which they discharged their trust, and is one of which courts of equity always have jurisdiction."

These words, standing alone, would seem to indicate that the action was one of equitable cognizance alone to be tried by the court without a jury. But the same opinion contains this language also: "It is not claimed that the liability which the plaintiffs seek to enforce in this action against the directors is one created by any statute; but, as we held when the case was here before, it is a common law liability springing out of their relations to the bank, and the manner in which they discharged or omitted to discharge their obligations and duties as directors thereof."

Finding nothing, therefore, to aid or direct us in the former decisions in the Court of Appeals in this case, we are inclined to

rest our decision upon principle and upon the authority of the decision in the Court of Appeals in the case of *Hun* v. *Cary* (82 N. Y., 65), where it was held in a case like this that the action was properly tried as an action at law by a jury, because the relief sought was a money judgment.

The order denying the motion for a reference should, therefore, be affirmed, with ten dollars costs and disbursements, and the order striking the cause from the calendar of the Circuit Court should be reversed, with ten dollars costs and disbursements.

BARNARD, P. J., and PRATT J., concurred.

Order refusing to refer affirmed, with ten dollars costs and disbursements; order directing trial at Special Term reversed. with ten dollars costs and disbursements.